**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

JAMES MATTHEW WILLIAMS,

    Plaintiff,

-vs-

EQUIFAX INFORMATION SERVICES
LLC and EDFINANCIAL SERVICES,
LLC,

    Defendants.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, James Matthew Williams (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Equifax Information Services LLC (hereinafter "Equifax") and EDFinancial Services, LLC (hereinafter "EDFinancial"), (hereinafter collectively "Defendants"); and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Experian Information

1

Solutions, Inc. (hereinafter "Experian"), and Trans Union LLC (hereinafter "Trans Union") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION AND VENUE**

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

2

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Philadelphia County in the Commonwealth of Pennsylvania; Defendant transacts business within this District; and violations described in this Complaint occurred in this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the Commonwealth of Pennsylvania through its registered agent, Corporation Service Company located at 5235 North Front St., Harrisburg, PA 17110.

11.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

13.     EDFinancial is a corporation headquartered at 298 North Seven Oaks Dr., Knoxville, TN 37922.

14. EDFinancial is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

15. EDFinancial furnished information about Plaintiff to Equifax that was iancurate.

## FACTUAL ALLEGATIONS

16. Plaintiff is alleged to owe debts to non-party, EdFinancial, as to student loans, partial account numbers beginning with 191810* (hereinafter "EdFinancial Accounts"). There are four total trade lines (hereinafter "Tradeline 1-4") reported erroneously on Plaintiff's credit file. Plaintiff does not owe these debts.

17. Upon information and belief, Plaintiff is a victim of identity theft or mixed file.

18. Plaintiff regularly monitors his credit file and makes a consistent effort to maintain good standings on his accounts.

19. From about July 2017 to January 2025, Plaintiff was incarcerated.

20. Following his release, in or about February 2025, Plaintiff attempted to apply for financial aid so that he could attend graduate school. He was denied aid and was told it was because he already had federal student loans. However, Plaintiff had never applied for or taken out student loans.

21.     Upon learning this, Plaintiff immediately reviewed his Equifax credit report and discovered the EdFinancial Accounts reporting on his credit file, opened on or about February 21, 2022 and October 3, 2022.

22.     Plaintiff was extremely alarmed because he was incarcerated during this time period and had no ability to use his credit or attend school.

23.     On or about April 15, 2025, Plaintiff filed a complaint against Equifax with the Consumer Financial Protection Bureau, Complaint #250415-20100679 (hereinafter "CFPB Complaint"), explaining the aforementioned. Plaintiff stated he did not authorize the opening of the EdFinancial Accounts.

24.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

25.     Upon information and belief, Equifax forwarded Plaintiff's CFPB Complaint to the Furnisher, EdFinancial.

26.     Plaintiff received a response from EdFinancial on or about April 22, 2025 with additional information regarding the Accounts, including that they were disbursed at Montgomery Community College and the Master Promissory Note was signed on or about January 14, 2022.

27.     Plaintiff was incarcerated in January 2022, and he has never applied to, attended, or known anyone to attend Montgomery Community College.

28.     On or about January 13, 2026, Plaintiff obtained updated copies of his Equifax credit report and observed that the fraudulent EdFinancial Accounts continued to report.

29.     Shocked by this seemingly obvious error and the continued reporting, Plaintiff filed Identity Theft Reports with the Federal Trade Commission on or about January 16, 2026 (Report #196291588) (hereinafter "FTC Report"). In the FTC Report, Plaintiff again explained the aforementioned.

30.     On or about January 23, 2026, Plaintiff mailed a detailed dispute letter to Equifax, explaining that he was a victim of identity theft and could not have opened the EdFinancial Accounts due to being in custody. In the letter, Plaintiff requested a copy of his credit report. Plaintiff included images of his driver's license and social security card to confirm his identity. Plaintiff attached supporting documentation, including images of the erroneous reporting, his filed FTC Report and CFPB Complaint, the aforementioned Account details provided by the Furnisher, and documents provided to him by the Commonwealth of Pennsylvania Corrections Department to support his claims.

31.     Plaintiff invited Equifax to review his case, which is public record.

32.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 2629 2541 44).

33.    As of the filing of this Complaint, Plaintiff has never received a response from Equifax as to this detailed dispute letter.

34.    Having received no response to his Equifax dispute letter, on or about March 6, 2026, Plaintiff obtained an updated copy of his Equifax credit report and observed that the fraudulent EdFinancial Accounts continued to report on his credit file.

35.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

36.    Equifax never attempted to contact Plaintiff during the alleged investigation.

37.    Equifax failed to review and consider all relevant information provided by Plaintiff in his disputes; Equifax's alleged investigation was hardly surface-level, given that Plaintiff provided documentation reflecting that he was incarcerated during the time period the Accounts were opened and funds were disbursed.

38.    Due to the continued inaccurate reporting, on or about March 13, 2026, Plaintiff mailed a second detailed dispute letter to Equifax. In the letter, Plaintiff again explained he was a victim of identity theft and could not have opened the EdFinancial Accounts due to being in custody. In the letter, Plaintiff requested a copy of his credit report. Plaintiff included images of his driver's license and social security card to confirm his identity. Plaintiff attached supporting documentation,

including images of the erroneous reporting, his filed FTC Report and CFPB Complaint, the aforementioned Account details provided by the Furnisher, and documents provided to him by the Commonwealth of Pennsylvania Corrections Department to support his claims. Plaintiff attached a copy of a credit denial he had suffered, presumably due to Equifax's erroneous reporting of the Accounts.

39.    Plaintiff mailed his second detailed dispute letter via USPS Certified Mail (9407 1111 0549 5815 8236 37).

40.    As of the filing of this Complaint, Plaintiff has not received any dispute results as to his second dispute letter.

41.    As of the filing of this Complaint, upon information and belief, Equifax has failed to review Plaintiff's FTC Report or conduct a reasonable investigation as to Plaintiff's disputes.

42.    Had Equifax and EDFinancial conducted a reasonable investigation at any point, the result would have been different.

43.    Plaintiff continues to suffer as of the filing of this Complaint with Equifax's reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

44.    Plaintiff's plans to rebuild and reintegrate into society continue to be stalled due to Equifax's mistakes; he cannot secure the necessary financial aid to

8

further his education. Plaintiff cannot secure a vehicle for safe and timely transportation to work.

45.    Upon information and belief, Equifax notified EDFinancial of Plaintiff's disputes. However, EDFinancial failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

46.    Equifax has not conducted an actual investigation despite Plaintiff's pleas and upon information and belief, simply continues to parrot off the back fo the furnisher, EDFinancial.

47.    EDFinancial has not conducted a reasonable investigation despite Plaintiff's numerous pleas. Plaintiff and Equifax informed EDFinancial that the account was fraudulent, yet EDFinancial continued to verify the account.

48.    Other individuals have lodged complaints similar to the Plaintiff's in this matter, including direct complaints, CFPB complaints, FTC complaints, and via lawsuits.

49.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Denials of necessary lines of credit as outlined in Paragraph 43;

    ii.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, wasted time,

9

and lost wages due to missing work in attempts to cure the reporting errors;

iii.  Loss of time attempting to cure the errors;

iv.  Mental anguish, added stress, aggravation, embarrassment, emotional distress, sleepless nights, headaches, fluctuations in weight, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendant' actions; and

v.  Apprehensiveness to apply for new credit due to the fear of rejection.

vi.  Defamation as Plaintiff's information has been published to numerous third parties, including but not limited to Credit One, Capital One, and MyFICO to calculate Plaintiff's credit score.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

50.  Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

51.  Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

10

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

52. Equifax allowed for a furnisher to report inaccurate and erroneous accounts to Plaintiff's credit file.

53. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

54. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

55. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

56. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

57. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

58.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, James Matthew Williams, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

59.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

60.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

61.     Equifax allowed for a furnisher to report inaccurate and erroneous accounts to Plaintiff's credit file.

62.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

63.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

64.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

65.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

66.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

67.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, James Matthew Williams, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

13

from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

68.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

69.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

70.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

71.    Plaintiff provided Equifax with the information it needed to confirm that Plaintiff was a victim of identity theft or mixed file. Equifax ignored this

14

information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

72. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

73. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

74. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, James Matthew Williams, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

15

75.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

76.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

77.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

78.    Plaintiff provided Equifax with the information it needed to confirm that Plaintiff was a victim of identity theft or mixed file. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

79.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

80.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

81.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, James Matthew Williams, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT V**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, EdFinancial Services, LLC (Negligent)**

82.     Plaintiff re-alleges and incorporates paragraphs one (1) forty-nine (49) above as if fully stated herein.

83.     EDFinancial furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

84.     After receiving Plaintiff's disputes, EDFinancial violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

85.     Plaintiff provided all the relevant information and documents necessary for EDFinancial to have identified that the alleged debt was fraudulent.

86.     EDFinancial did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to EDFinancial by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft,

18

especially with supportive documentation including but not limited to her filed police report.

87.    EDFinancial violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

88.    As a direct result of this conduct, action, and/or inaction of EDFinancial, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

89.    The conduct, action, and inaction of EDFinancial was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

90.    Plaintiff is entitled to recover costs and attorney's fees from EDFinancial in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JAMES MATTHEW WILLIAMS, respectfully requests that this Court award actual damages against Defendant, EdFinancial Services, LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT VI**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, EdFinancial Services, LLC (Willful)**

91.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

92.    EDFinancial furnished inaccurate account information to Plaintiff's Equifax reports and through Equifax to all of Plaintiff's potential lenders.

93.    After receiving Plaintiff's disputes, EDFinancial violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

94.    Plaintiff provided all the relevant information and documents necessary for EDFinancial to have identified that the alleged debt was fraudulent.

95.    EDFinancial did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to EDFinancial by Plaintiff in connection with his

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

96. EDFinancial violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

97. As a direct result of this conduct, action, and/or inaction of EDFinancial, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

98. The conduct, action, and inaction of EDFinancial was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

99. Plaintiff is entitled to recover costs and attorney's fees from EDFinancial in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JAMES MATTHEW WILLIAMS, respectfully requests that this Court award actual or statutory damages and punitive damages

21

against Defendant, EdFinancial Services, LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, James Matthew Williams, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Equifax Information Services LLC and EdFinancial Services, LLC; and jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 23rd day of July, 2026.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066

22

The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*